# EXHIBIT B

# PATENT ASSIGNMENT COVER SHEET

Electronic Version v1.1    EPAS ID: PAT8375908
Stylesheet Version v1.2

| SUBMISSION TYPE: | NEW ASSIGNMENT |
|---|---|
| NATURE OF CONVEYANCE: | EXCLUSIVE PATENT LICENSE AGREEMENT |

## CONVEYING PARTY DATA

| Name | Execution Date |
|---|---|
| MANDLI COMMUNICATIONS, INC. | 04/29/2021 |
| DBI SERVICES, LLC | 04/29/2021 |
| DBI/CIDAUT TECHNOLOGIES, LLC | 04/29/2021 |
| AMAC NORTH AMERICA, LLC | 04/29/2021 |

## RECEIVING PARTY DATA

| Name: | FACET TECHNOLOGY CORP. |
|---|---|
| Street Address: | 4555 MERRYWOOD LANE |
| City: | EXCELSIOR |
| State/Country: | MINNESOTA |
| Postal Code: | 55331 |

## PROPERTY NUMBERS Total: 14

| Property Type | Number |
|---|---|
| Application Number: | 15993883 |
| Patent Number: | 6891960 |
| Patent Number: | 7515736 |
| Patent Number: | 7995796 |
| Patent Number: | 8660311 |
| Patent Number: | 8860944 |
| Patent Number: | 9335255 |
| Patent Number: | 9671328 |
| Patent Number: | 9989457 |
| Patent Number: | 6674878 |
| Patent Number: | 7043057 |
| Patent Number: | 7173707 |
| Patent Number: | 7411681 |
| Patent Number: | 9989456 |

## CORRESPONDENCE DATA

Fax Number:    (414)273-5198

*Correspondence will be sent to the e-mail address first; if that is unsuccessful, it will be sent*

| | |
|---|---|
| *using a fax number, if provided; if that is unsuccessful, it will be sent via US Mail.* | |
| Phone: | 414-273-3500 |
| Email: | emcguire@gklaw.com |
| Correspondent Name: | JENNIFER L. GREGOR; GODFREY & KAHN, S.C. |
| Address Line 1: | 833 E. MICHIGAN STREET, SUITE 1800 |
| Address Line 4: | MILWAUKEE, WISCONSIN 53202-5615 |

| | |
|---|---|
| **ATTORNEY DOCKET NUMBER:** | 010683.0014 |
| **NAME OF SUBMITTER:** | JENNIFER L. GREGOR |
| **SIGNATURE:** | /Jennifer L. Gregor/ |
| **DATE SIGNED:** | 01/11/2024 |

**Total Attachments: 6**
source=MANDLI#page1.tif
source=MANDLI#page2.tif
source=MANDLI#page3.tif
source=MANDLI#page4.tif
source=MANDLI#page5.tif
source=MANDLI#page6.tif

## EXCLUSIVE PATENT LICENSE AGREEMENT

This Exclusive Patent License Agreement ("Agreement") is made as of the 29th day of April, 2021 ("Effective Date"), between Facet Technology Corp. ("Facet"), a Minnesota Corporation with an office at 4555 Merrywood Lane, Excelsior, MN 55331; Mandli Communications, Inc. ("Mandli"), a Wisconsin Corporation having its principal place of business at 2655 Research Park Dr., Fitchburg, WI 53711-4906; DBi Services, LLC ("DBi"), a Pennsylvania Limited Liability Corporation having its principal place of business at 100 North Conahan Drive, Hazleton, PA 18201; DBi/Cidaut Technologies, LLC, a Delaware Limited Liability Corporation having its principal place of business at 100 North Conahan Drive, Hazleton, PA 18201 (" DBi/Cidaut"); and AMAC North America, LLC, a Delaware Limited Liability Corporation having its principal place of business at 100 North Conahan Drive, Hazleton, PA 18201("AMAC"), each of which may be individually referred to as a "Party" and all of which may be collectively referred to as "Parties" in this Agreement.

**WHEREAS**, Facet originally filed certain patent applications with priority dates back to 2000-2001 relating to roadway reflective surfaces, including assessment, determination, and/or mapping of road signs and/or lane markings (the "Facet Patent Family"); and

**WHEREAS**, Facet in 2011 licensed certain of the patents and patent applications in the Facet Patent Family to Mandli and then in 2017 sold the remaining patents and patent applications in the Facet Patent Family as set forth in Schedule 1.1 to Mandli; and

**WHEREAS**, Facet in 2012 licensed and then in 2014 sold certain of the patents and patent applications in the Facet Patent Family as set forth in Schedule 1.2 to DBi; and

**WHEREAS**, the Parties in 2019 entered into a License Agreement that provided Facet with certain exclusive but limited rights to license the Facet Patent Family on behalf of DBi and Mandli; and

**WHEREAS**, the Parties now desire to enter into this Exclusive License Agreement under which Facet is granted all substantial rights to enforce and/or license the Facet Patent Family with respect to making, using or selling products or services under the Facet Patent Family, including the sole and exclusive right to license and sublicense the Facet Patent Family and the sole and exclusive right of standing to sue to enforce the Facet Patent Family, including for any and all current and/or past damages for infringement of the Facet Patent Family, under the terms and conditions of this Agreement;

NOW, THEREFORE, the Parties agree as follows:

1. **Exclusive Rights.**
    1.1 **Grant of Rights** – Subject the Covenant Not to Sue below, Facet is hereby exclusively granted all substantial rights in and to the Patent Family, including the right to practice any claimed invention and to enforce and/or license the Facet Patent Family with respect to making, using or selling products or services under the Facet Patent Family, and Mandli, DBi, DBi/Cidaut and AMAC each hereby grant to Facet the sole and exclusive rights with respect to the Facet Patent Family to:
       1.1.1  practice and claimed invention in any or all of the patents and/or patent applications in the Facet Patent Family;
       1.1.2  license and/or sublicense any or all of patents and/or patent applications in the Facet Patent Family; and
       1.1.3  enforce any or all of patents and/or patent applications in the Facet Patent Family, including for any and all current and/or past damages for infringement of the Facet Patent Family, and including the sole and exclusive right of standing to file, maintain, dismiss and/or settle any lawsuits with respect to the Facet Patent Family.

1.2 **No Termination** – The exclusive grant of all rights to Facet under Section 1.1 shall commence on the Effective Date and shall have no termination date.

1.3 **Covenant Not to Sue** – Facet hereby grants to each of Mandli, DBi, DBi/Cidaut and AMAC a non-transferable covenant not to sue with respect to any patent or patent application in the Facet Patent Family, which shall extend to any subsidiaries or affiliates of the Party that are more than fifty-percent (50%) controlled by that Party as of the Effective Date and to any distributors, customers or users with respect to products or services designed or developed by Mandli, DBi, DBi/Cidaut or AMAC.

1.4 **No Authority to License or Sue.** As of the Effective Date, neither Mandli nor DBi shall have any rights or authority to license, enforce, sue or settle with any third-party with respect to any the Facet Patent Family.

1.5 **Assistance**. Each of Mandli, DBi, DBi/Cidaut or AMAC shall provide reasonable assistance at their own costs if reasonably requested by Facet with respect to any licensing or enforcement of the Facet Patent Family, including providing responses to discovery requests in any lawsuit or proceeding with respect to the Facet Patent Family.

2. Licenses.

2.1. **Licensees/Settlements** – for purposes of this Agreement, Facet shall enter into potential licenses and/or settlements on terms generally consistent with the Term Sheet set forth in Schedule 2.

2.2. **Net Recovery** – The Parties shall each receive a portion of the Net Recovery that is obtained from any entity that is granted any license, rights, covenant not to sue or settlement for the Facet Patent Family after the Effective Date in accordance with the distribution set forth in Schedule 3. The term "Net Recovery" shall mean all payments, sums, or anything of value (including cash, stock, stock options, warrants, stock appreciation rights, partnership shares or units, or any other form of non-cash payment) received by Facet as a result of any claim, demand, negotiation, license, assignment, or settlement regarding the Facet Patent Family. The term "Net Recovery" includes, without limitation, past damages, future damages, royalties, and all related forms of compensation and, in addition, includes any amounts recovered as interest, costs and disbursements, attorneys' fees. It is understood that Facet may utilize an alternative fee arrangement with a law firm and/or a funded litigation approach whereby a third-party funds some, most, or all of the costs up to and including a settlement or license. Net Recovery is defined as the total recovery for any such licensing or enforcement action, less any repayment of costs and/or fees incurred by Facet in connection with such licensing or enforcement action, including any costs and/or fee due to the law firm and/or litigation funding entity.

2.3. **Payment of Net Recovery** – For each signed license and/or settlement agreement, Facet agrees to pay the Net Recovery portion due to each of Mandli and DBi via wire transfer within ten (10) business days of receipt of the Net Recovery by Facet.

3. **Independent Contractor.**

Mandli and DBi each understand that Facet is independently engaged in other licensing activities related to intellectual property and that such licensing activities are inherent to the nature of Facet's business. Mandli and DBi each agree that this Agreement will not be construed to limit the licensing activities of Facet, and that for the avoidance of doubt no such licensing activities will be deemed to conflict with this Agreement.

4. **Confidentiality.**

The Parties agree to enter into the Confidential Information and Joint Privilege/Common Interest Agreement in the form set forth in Schedule 4.

5. **Miscellaneous.**

This Agreement may not be assigned by either party without the prior written consent of the other party. This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. This Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements with respect thereto. This Agreement may not be amended except in writing signed by both parties. This Agreement will be governed by and construed in accordance with the laws of the State of Minnesota, without reference to the principles of conflicts of law. This Agreement may be executed in two or more counterparts which may be signed and delivered by facsimile or scanned and emailed copies and shall have the same force and effect as an original.

**IN WITNESS WHEREOF**, the Parties have executed, or caused their duly authorized representatives to execute, this Exclusive Patent License Agreement under seal as of the Effective Date.

**Mandli Communications, Inc.**

By: _____

Name: _____

Title: _____

**Facet Technology Corp.**

By: _/s/ James E Retterath_____

Name: James E. Retterath

Title: CEO

**DBi Services, LLC**

By: _____

Name: _____

Title: _____

**DBi/Cidaut Technologies, LLC**

By: _____

Name: _____

Title: _____

**AMAC North America, LLC**

By: _____

Name: _____

Title: _____

4. **Confidentiality.**

The Parties agree to enter into the Confidential Information and Joint Privilege/Common Interest Agreement in the form set forth in Schedule 4.

5. **Miscellaneous.**

This Agreement may not be assigned by either party without the prior written consent of the other party. This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. This Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements with respect thereto. This Agreement may not be amended except in writing signed by both parties. This Agreement will be governed by and construed in accordance with the laws of the State of Minnesota, without reference to the principles of conflicts of law. This Agreement may be executed in two or more counterparts which may be signed and delivered by facsimile or scanned and emailed copies and shall have the same force and effect as an original.

**IN WITNESS WHEREOF**, the Parties have executed, or caused their duly authorized representatives to execute, this Exclusive Patent License Agreement under seal as of the Effective Date.

**Mandli Communications, Inc.**

By: _____

Name: _____

Title: _____

**Facet Technology Corp.**

By: _____

Name: James E. Retterath

Title: CEO

**DBi Services, LLC**

By: [signature]

Name: Joseph G. Ferguson

Title: Secretary

**DBi/Cidaut Technologies, LLC**

By: [signature]

Name: Joseph G. Ferguson

Title: Secretary

**AMAC North America, LLC**

By: [signature]

Name: Joseph G. Ferguson

Title: Secretary

PATENT
REEL: 066272 FRAME: 0318

4. **Confidentiality.**

The Parties agree to enter into the Confidential Information and Joint Privilege/Common Interest Agreement in the form set forth in Schedule 4.

5. **Miscellaneous.**

This Agreement may not be assigned by either party without the prior written consent of the other party. This Agreement will be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. This Agreement constitutes the entire understanding of the parties with respect to the subject matter hereof and supersedes all prior agreements with respect thereto. This Agreement may not be amended except in writing signed by both parties. This Agreement will be governed by and construed in accordance with the laws of the State of Minnesota, without reference to the principles of conflicts of law. This Agreement may be executed in two or more counterparts which may be signed and delivered by facsimile or scanned and emailed copies and shall have the same force and effect as an original.

**IN WITNESS WHEREOF**, the Parties have executed, or caused their duly authorized representatives to execute, this Exclusive Patent License Agreement under seal as of the Effective Date.

**Mandli Communications, Inc.**

By: *Tracie M Mandli*

Name: Tracie M. Mandli

Title: Chief Executive Officer

**Facet Technology Corp.**

By: _____

Name: James E. Retterath

Title: CEO

**DBi Services, LLC**

By: _____

Name: _____

Title: _____

**DBi/Cidaut Technologies, LLC**

By: _____

Name: _____

Title: _____

**AMAC North America, LLC**

By: _____

Name: _____

Title: _____

Schedule 1
The Assets

The "Assets" means the patents and patent applications set forth on Schedule 1, any patents directly or indirectly issuing from such applications, any foreign counterparts, continuations, continuations-in-part and divisionals of such applications, any reissues, reexaminations and extensions of the foregoing patents, any patents and patent applications claiming priority to or from any of the foregoing, any patents or patent applications terminally disclaimed to or from any of the foregoing, and all patent rights arising from any of the foregoing.

## 1.1 – Mandli Communications, Inc. Assets

| Pub. No. | App. No. | Title | Status | Priority | File Date | Pub/Grant | Est. Exp. |
|---|---|---|---|---|---|---|---|
| AU8643801 | AU20010086438 | System for road sign sheeting classification | Active | 8/12/00 | 8/10/01 | 2/25/02 | 8/10/21 |
| US20180372621 | US15/993883 | System and assessment of reflective objects along a roadway | Active | 8/12/00 | 5/31/18 | 12/27/18 | 8/10/21 |
| US6891960 | US09/928218 | System for road sign sheeting classification | Active | 8/12/00 | 8/10/01 | 5/10/05 | 7/9/23 |
| US7515736 | US11/056926 | System for road sign sheeting classification | Active | 8/12/00 | 2/11/05 | 4/7/09 | 12/16/22 |
| US7995796 | US12/419843 | System for road sign sheeting classification | Active | 8/12/00 | 4/7/09 | 8/9/11 | 11/4/21 |
| US8660311 | US13/205337 | System for assessment reflective objects along a roadway | Active | 8/12/00 | 8/8/11 | 2/25/14 | 9/28/21 |
| US8860944 | US14/025614 | System and assessment of reflective objects along a roadway | Active | 8/12/00 | 9/12/13 | 10/14/14 | 8/10/21 |
| US9335255 | US14/512735 | System and assessment of reflective objects along a roadway | Active | 8/12/00 | 10/13/14 | 5/10/16 | 8/10/21 |
| US9671328 | US15/148722 | System and assessment of reflective objects along a roadway | Active | 8/12/00 | 5/6/16 | 6/6/17 | 8/10/21 |
| US9989457 | US15/595594 | System and assessment of reflective objects along a roadway | Active | 8/12/00 | 5/15/17 | 6/5/18 | 8/10/21 |
| WO0215144 | WO2001US25159 | System for road sign sheeting classification | Expired | 8/12/00 | 8/10/01 | 2/21/02 | 2/12/03 |

## 1.2 – DBi Services LLC Assets

| Pub. No. | App. No. | Title | Status | Priority | File Date | Pub/Grant | Est. Exp. |
|---|---|---|---|---|---|---|---|
| AU2002305854 | AU20020305854 | System for automated determination of retroreflectivity of road signs and other reflective objects | Expired | 6/7/01 | 6/5/02 | 12/23/02 | 3/11/04 |
| US6674878 | US09/918375 | System for automated determination of retroreflectivity of road signs and other reflective objects | Active | 6/7/01 | 7/30/01 | 1/6/04 | 3/8/22 |
| US7043057 | US10/736454 | System for automated determination of retroreflectivity of road signs and other reflective objects | Active | 6/7/01 | 12/15/03 | 5/9/06 | 9/13/21 |
| US7173707 | US11/381503 | System for automated determination of retroreflectivity of road signs and other reflective objects | Active | 6/7/01 | 5/3/06 | 2/6/07 | 7/30/21 |
| US7411681 | US11/702421 | System for automated determination of retroreflectivity of road signs and other reflective objects | Active | 6/7/01 | 2/5/07 | 8/12/08 | 7/30/21 |
| US9989456 | US13/781017 | System for the determination of retroreflectivity of road signs and other reflective objects | Active | 8/12/00 | 2/28/13 | 6/5/18 | 8/10/21 |
| WO02101340 | WO2002US17914 | System for automated determination of retroreflectivity of road signs and other reflective objects | Expired | 6/7/01 | 6/5/02 | 12/19/02 | 12/7/03 |