# EXHIBIT E

| STATE OF MINNESOTA | FILED | DISTRICT COURT |
|---|---|---|
| COUNTY OF HENNEPIN | 08 JAN 11 AM 10:14 | FOURTH JUDICIAL DISTRICT |

DEPUTY
HENN. CO. DISTRICT
COURT ADMINISTRATOR

Facet Technology Corp.,

Court File No.
Case Type: Contract

Plaintiff,

v.

**COMPLAINT**

Tele Atlas North America, Inc.

Defendant.

---

Plaintiff FACET TECHNOLOGY CORP. ("FACET") for its Complaint against Defendant TELE ATLAS NORTH AMERICA, INC. ("TELE ATLAS"), states and alleges as follows:

1. FACET and TELE ATLAS entered into a Confidential Letter of Intent dated November 6, 2006.

2. The Confidential Letter of Intent set forth certain non-binding understandings and certain binding commitments between FACET and TELE ATLAS and its shareholders.

3. FACET and TELE ATLAS entered into an Amendment to Confidential Letter of Intent dated January 31, 2007, which is attached and incorporated by reference as **Exhibit A.**

4. Section 14 of the Amendment to Confidential Letter of Intent confirms that the parties agreed, in part, that:

SCANNED
FEB 01 2008
U.S. DISTRICT COURT MPLS

If the parties fail to sign a mutually satisfactory Agreement on or before the termination of this Letter of Intent, (1) if it is Purchaser which fails to sign then, or (2) if it is FACET which fails to sign then at Purchaser's option: the Purchaser and FACET shall enter into an agreement with one another, on mutually acceptable terms and conditions, providing that FACET deliver to Purchaser, and Purchaser shall license from FACET, a minimum of $1,000,000.00 of FACET archival imagery in 2007 to enable Purchaser to create and sublicense derivative products. This imagery will be from FACET's most current archive of 2006 or 2007 urban coverage and currency of geographies determined by the Purchaser. The rate per mile of this imagery shall be no more than $20.00 and include all imagery, metadata and preprocessed vectors.

5. Before February 15, 2007, the parties had not completed a mutually satisfactory Agreement for the acquisition. The parties therefore did not sign an Agreement pursuant to the Letter of Intent and the Amendment to Confidential Letter of Intent.

6. Pursuant to the Amendment to Confidential Letter of Intent, TELE ATLAS was thereby obligated to enter into an agreement with FACET for the license from FACET of a minimum of $1,000,000.00 of FACET archival imagery.

7. In 2007, FACET made available for license the requisite archival imagery. The imagery offered was from FACET's most current archive of 2006 and 2007 urban coverage and currency of geographies that would be determined by TELE ATLAS. The offered rate per mile of this imagery was no more than $20.00 and included all imagery, meta-data and preprocessed vectors.

8. TELE ATLAS refused to enter into a license agreement with FACET in 2007 for a minimum of $1,000,000.00 of FACET archival imagery.

## COUNT I

### (BREACH OF CONTRACT)

9.  FACET realleges the allegations contained in paragraphs one through eight (8) herein and incorporates by reference.

10. The refusal and failure of TELE ATLAS to enter into a sublicense agreement with FACET for a minimum of $1,000,000.00 of FACET imagery for 2006 or 2007 constitutes a breach of contract.

11. TELE ATLAS's breach of contract to enter into a license agreement with FACET caused FACET damages in an amount to be proven at trial, and believed to be in excess of $50,000.00.

## COUNT II

### (PROMISSORY ESTOPPEL)

12. FACET realleges the allegations in paragraphs 1 through 11 herein and incorporates by reference.

13. TELE ATLAS promised to use FACET for the licensing of a minimum of $1,000,000.00 of FACET archival imagery in 2007 to enable TELE ATLAS to create and sublicense derivative products. The imagery that TELE ATLAS promised to use was from FACET's most current archive of 2006 or 2007 urban coverage in currency of geographies determined by TELE ATLAS. The rate per mile of this imagery would be no more than $20.00 and included all imagery, metadata and preprocessed vectors.

CASE 0:08-cv-00300-DWF-FLN Document 21-2 Filed 02/01/08 Page 4 of 5

14. FACET relied upon TELE ATLAS's promise and representations to its detriment when it, among other things, forewent opportunities to conduct business with other third parties during the period of due diligence relating to the Letter of Intent

15. Justice requires that TELE ATLAS pay FACET the damages it caused, in an amount to be proven at trial, and believe to be an amount in excess of $50,000.00.

WHEREFORE, FACET respectfully requests that judgment be entered in its favor against TELE ATLAS NORTH AMERICA, INC. as follows:

1. Awarding FACET damages in the amount in excess of $50,000 plus costs and disbursements; and

2. Granting FACET such other relief as the Court deems proper.

COLEMAN, HULL & VAN VLIET, PLLP

Dated: 3 J 2008   By _____
Donald R. McNeil (#200840)
8500 Normandale Lake Boulevard
Suite 2110
Minneapolis, Minnesota 55437
(952) 841-0001
*Attorneys for Plaintiff Facet Technologies Corp.*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that pursuant to Minn. Stat. § 549.211, subd. 2, costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties in this litigation if the court should find that the undersigned acted in bad faith, asserting a claim or defense that is frivolous and that is costly to the other party, asserted an unfounded position solely to delay the ordinary course of the proceedings or to harass, or committed a fraud upon the court.

_____
Donald R. McNeil