UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FACET TECHNOLOGY CORP.,<br><br>                Plaintiff,<br><br>                v.<br><br>TOMTOM INTERNATIONAL B.V.,<br>TOMTOM, INC., AND TOMTOM NORTH<br>AMERICA, INC.,<br><br>                Defendants | Civil Action No. 1:24-cv-00111-PB-TSM |

**DEFENDANTS' REPLY TO OBJECTION TO MOTION TO DISMISS**

Defendants TomTom International, B.V. ("TT Int'l"), TomTom, Inc. ("TTI"),[1] and TomTom North America, Inc. ("TTNA") (collectively, "Defendants") submit this Reply to Plaintiff Facet Technology Corp.'s Memorandum of Law in Support of Plaintiff's Opposition to Defendants' Motion to Dismiss Under FRCP 12(b)(6) (Dkt. 35).

---

[1] Defendants have not refused to answer Facet's questions regarding TTI. Instead, Defendants have stated that "we do not see any need to confirm" in writing that TTI's liabilities were assumed by TTNA. Massachusetts law is clear on this point, and Defendants and their counsel have no ability to change it. Mass. Gen. Laws. C. 156B § 80(1); *see also Hoy v. Nat'l Sch. Bus Servs., Inc.*, No. 04-2238-G (Mass. Super. Ct. June 22, 2005) (under MA law, "the corporation that emerges from a merger assumes … all liabilities and obligations of the subsumed organization.").

1

### A. Facet's Damages are Limited to $0 Under 35 U.S.C. § 287

Contrary to its argument that it never practiced the patents-in-suit, Facet alleged in the Amended Complaint that it made—and attempted to sell to Defendants—products covered by at least the '255 patent. So, Facet's argument that it is not obligated to provide notice to Defendants is foreclosed by statute. "Pursuant to 35 U.S.C. § 287, a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover damages." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021). Patentees who fail to mark may avail themselves of the fallback provision of § 287 by providing an alleged infringer with actual notice. *See Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994) (actual notice must consist of an "affirmative communication of a specific charge of infringement by a specific accused product or device"). Facet did neither and now relies solely on the Amended Complaint.[2]

In the Amended Complaint, Facet alleges that it "offered to <u>use its LiDAR post-processing</u> for TomTom's US data," and "Facet explained that its <u>processes and systems</u> would allow for faster access to raw [data], and that [it] could also <u>perform automated pavement marking data location services</u> from the LiDAR <u>in accordance with the technology patented in the '255 patent</u>." (Dkt. 22 ¶ 63 (emphasis added).) Facet's Opposition argument that it never practiced the patents-in-suit is without merit in view of its own allegations. As a matter of law,

---

[2] The requirements under § 287 also apply to Mandli, the owner of the patents-in-suit, because both the '255 and '328 patents claim an apparatus. *Am. Med. Sys. Inc.*, 6 F.3d at 1538-39. Facet's alleged status as an exclusive licensee does not relieve it of § 287 compliance because "[a] patentee's licensees must also comply with § 287" unless the licensing agreement "expressly states that [the licensees] had no obligation to mark." *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). No agreement disclosed by Facet has any such express statement, including the 2021 Agreement. (See Dkt. 22-2.)

Defendants have a limited ability to contest Facet's procedurally-deficient and newly-introduced allegations after the Motion to Dismiss has already been filed.[3]

Moreover, because Facet alleged that it made a product in accordance with the '255 patent, Facet's argument that the Amended Complaint now entitles it to pre-suit damages cannot stand. (Dkt. 35 at 5.) "A patentee that practices a patent may not recover damages for pre-suit infringement unless the patentee either (1) has marked [its] patented products as patented on the products themselves or; (2) can show proof that the infringer received notice of its infringement and continued to infringe." *Stoneridge Control Devices, Inc. v. ZF N. Am., Inc.*, 645 F. Supp. 3d 699 (E.D. Mich. 2022). Facet did not mark, a fact it neither alleged in the Amended Complaint nor addressed in its Opposition. (Dkt. 35 at 4-5.) While some courts have held that a complaint can properly serve as actual notice under § 287, damages are necessarily limited to those occurring <u>after</u> the complaint was filed. This bar is explicit in the statute: absent marking, "no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement <u>and continued to infringe thereafter</u>, in which event damages may be recovered <u>only for infringement occurring after such notice</u>." 35 U.S.C. § 287(a) (emphasis added).

No act by the Defendants after the August 10, 2021, expiration of the patents-in-suit can constitute infringement. Facet has not alleged in its Amended Complaint either that it marked or provided notice to Defendants in compliance with 35 U.S.C. § 287 before expiration of the patents-in-suit. This Complaint and Amended Complaint were both filed years after expiration.

---

[3] "[A]n opposition to a motion to dismiss is not the place for new factual allegations." *Willitts v. Life Ins. Co.*, No. 18-cv-11908-ADB, U.S. Dist. LEXIS 35280 (D. Mass. Feb. 25, 2021). Because Facet has already used its opportunity to amend its Complaint as a matter of right under Fed. R. Civ. P. 15(a)(1), this Court should not afford it another chance to do so.

Therefore, § 287 forecloses Facet from receiving <u>any</u> infringement damages, and this suit must be dismissed. *See Lans v. Digital Equipment Corp.*, 252 F.3d, 1320 (Fed. Cir. 2001) (affirming 12(b)(6) dismissal, reasoning that, "because [the patentee] did not inform the [defendants] of infringement before expiration of the '986 patent, § 287(a) prevents [the patentee] from collecting damages from the [defendants]"); *see also VDPP, LLC v. Volkswagen Grp. Of Am., Inc.*, 2024 U.S. Dist. LEXIS 54703 (S.D. Tex. Mar. 27, 2024).

Facet asks this Court to erroneously rely on inapplicable dicta from *Arctic Cat*. The notice provision has a commercial purpose, which is to "permit the alleged infringer to contact the patentee about an amicable and early resolution of the potential dispute." *Lans*, 252 F.3d at 1327. No such opportunity was ever afforded to Defendants, and this suit should be dismissed with prejudice.

### B. Despite Not Pleading Marking or Notice, Facet Argues in its Opposition that it Told "TomTom" that it Owned Patents and Applications in 2016

Facet correctly notes that a claim for equitable estoppel requires, *inter alia*, a showing that "the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *High Point SARL v. Sprint Nextel Corp.*, 817 F.3d 1325, 1330 (Fed. Cir. 2016). Defendants, who spent years developing the HD Maps product which Facet now asserts infringes the patents-in-suit, fear an award for damages in the present case after eight years of silence from Facet.

The Amended Complaint does not allege that, following the December 2016 meeting, Facet ever again communicated with Defendants. This is exactly the type of conduct (i.e., bragging about your patents, followed by no action of any kind and complete silence for 8 years) which would lead a reasonable party to believe Facet did not "intend to enforce its [patents] against" them. *High Point*, 817 F.3d at 1330-31 (finding active involvement in licensing efforts

4

by plaintiff during the time of silence justified estoppel). The fact that Facet actually sold its patents to a third party (Mandli), rather than seeking to enforce the patents, merely reinforces the pattern of Defendants' reliance on Facet's inaction. Further, it has been more than three years since Facet re-licensed the patents-in-suit from Mandli; the Federal Circuit repeatedly has held that three years' inaction is sufficient to estop a patentee from enforcing its claims. *See Aspex Eyewear Inc. v. Clariti Eyewear, Inc.*, 605 F.3d 1305 (Fed. Cir. 2010); *Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469 (Fed. Cir. 1998) (three years after last communication was sufficient); *Wafer Shave, Inc. v. Gillette Co.*, 26 F.3d 140 (Fed. Cir. 1994) (three years and five months after last charge of infringement was sufficient).

The bar for prejudice is low, and clearly met here: merely expanding the size of a business in belief that the business was non-infringing constitutes prejudice. *High Point*, 817 F.3d at 1332. This case should be dismissed with prejudice because Facet should be estopped from pursuing its infringement claim against Defendants.

C. **The Opposition Offers No Support for the Insufficient Allegations of Induced Infringement in the Amended Complaint**

For all the reasons articulated above with respect to lack of any notice of direct infringement, Defendants also are not liable for indirect or induced infringement.

In addition, Defendants are not liable for induced infringement because there is no allegation in the Amended Complaint that shows the Defendants "knew that [another party's] acts constituted infringement." *See Commil USA, LLC v. Cisco Sys., Inc.,* 575 U.S. 632, 639 (2015) (requiring a complaint for induced infringement to plead the same). This notice requirement exists to ensure that a defendant is not "liable even though he did not know the acts [of others] were infringing." *Id*. at 642. Defendants agree with Facet that *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017), is instructive. (*See* Oppo. at 12.) However, unlike

5

Facet, the *Lifetime* plaintiff provided detailed allegations supporting induced infringement claims: (i) it provided a cease-and-desist letter to the defendant, (ii) identified two named engineers with knowledge of patented products who left the plaintiff and began working for the defendant, and (iii) showed the defendant never made or sold infringing products prior to gaining said knowledge from the named engineers. *Lifetime*, 869 F.3d at 1379-81.

In contrast, the Amended Complaint simply alleges that, "Facet is informed and believes ... that TomTom knew or was willfully blind to the fact that it was inducing others, including its customers and staff, to infringe by practicing, either themselves or in conjunction with TomTom, one or more claims of the '255 [p]atent." (Dkt. 22 ¶ 95.)

This allegation is vacuous. Plaintiff has the burden to meet the notice requirement of 35 USC Sec. 287 by positive acts. *Leapfrog Enters. v. Fisher-Price, Inc.*, 2005 U.S. Dist. LEXIS 10821, *14 (D. Del. June 6, 2005) (finding defendant not liable for indirect infringement for second sales of infringing products sold before the notice date). Plaintiff's attempt to meet their pleading burden (and their notice burden) by arguing Defendants' lack of actual knowledge is a shocking failure. Facet's induced infringement allegations must be dismissed with prejudice.

D. **Facet Improperly Attempts to Expand the Scope of the Patents-in-Suit After Issuance**

Mis-stating the law again, Facet invites the court to expand the scope of its patents by improperly relying upon the disclosures of abandoned provisional patent applications that were <u>indirectly</u> referenced by the patents-in-suit. (Oppo. at 8.) Allowing Facet to expand the written description of its issued patent <u>after it has expired</u> is highly prejudicial to Defendants and should not be permitted by this Court. The law only allows for incorporation by reference of essential material one-degree away from the prosecuted application: incorporation beyond that one-degree can only be accomplished by physical reproduction of text. *See Marquet Cardiovascular LLC v.*

6

*Abiomed, Inc.*, 677 F.Supp.3d 72, 77 (D. Mass. 2022) (finding the later patents, more than once-removed from the first-priority application, "do not" incorporate that content by reference). The Patent Examination regulations on 37 C.F.R. § 1.57 mandate that "'[e]ssential material' may be incorporated [in a specification] by reference, but only ... to a U.S. patent or U.S. application publication" as long as the referenced patent or application "[did] not itself incorporate such essential material by reference." 37 C.F.R. § 1.57(d). The patents-in-suit "hereby incorporated by reference" just three other Facet patents, none of which include the physical text of the two provisional applications and only one of which incorporates the two provisional applications <u>by reference</u>. (Dkts. 22-1, 22-3.) The contents of the two provisional applications cited by Facet are thus outside the scope of the disclosures of the patents-in-suit, and cannot as a matter of law supplement their written descriptions. Facet's allegation that its claims cover technology nowhere mentioned in its patents should result in the Complaint being dismissed with prejudice.

Facet argues that Defendants' written description argument is premature because written description is a factual question. Defendants disagree. The Motion to Dismiss is based only on the allegations of Facet's Amended Complaint that the claims of the patents-in-suit can be read to cover map and navigation products. A simple review of the written description of the patents-in-suit shows that map and navigation products like Defendants' HD Maps are nowhere described or even mentioned. Relatedly, no inventor or expert testimony will be able to expand the scope of Facet's patents to cover products that simply were not contemplated by the inventor at the time that those patents were drafted and filed.

### E. Facet Has No Answer and Completely Ignores the Inability of Mandli to Grant Facet an Exclusive License to the Patents-in-Suit in 2021

If this Court allows Facet to continue this suit against Defendants without the owner of the patents-in-suit as a plaintiff, Defendants face the very real possibility that the actual owner of

the patents (Mandli) will sue Defendants for infringement of the same patents in a second lawsuit.

As a matter of law, the Monona Bank security interest is a license. *In re Cybernetic Servs.*, 252 F.3d 1039, 1052 (9th Cir. 2001). Because that license provides Mandli "shall not sell, offer to sell, or <u>otherwise transfer</u> or dispose of the [patents-in-suit] … without the prior written consent of [Monona Bank]," Mandli never could have granted an exclusive license to Facet in 2021. *Id*. at 1050-51 ("the assignment of a patent, and [] the grant or conveyance of an exclusive right … all involve the transfer of an ownership interest in a patent.") Mandli did not have the right to grant exclusive licenses to the patents-in-suit when it purported to grant exclusivity to Facet, and therefore Mandli did not transfer to Facet rights necessary to maintain this lawsuit.

None of the case law cited by Facet is relevant. Mandli simply could not have transferred to Facet in 2021 what Mandli had no right to transfer in 2021. Tellingly, the 2021 Agreement was not recorded until 2024 and makes no mention of the earlier-recorded Monona Bank security interest. Facet had constructive notice that Mandli could not grant them all the rights necessary to maintain this lawsuit which should be dismissed.

Finally, Facet's offer to join Mandli to this lawsuit cannot create standing in Facet at the time the case was filed. As a mere licensee, Facet not only cannot maintain this suit, but also is not even an appropriate party to this suit. *Propat Int'l Corp. v. RPost US, Inc.*, 473 F.3d 1187, 1193-94 (Fed. Cir. 2007) ("Thus, an infringement action brought by a bare licensee must be dismissed. A bare licensee cannot cure its lack of standing by joining the patentee as a party."). Mandli must bring this infringement suit in their own name to prevent Defendants having to defend two infringement cases regarding the patents-in-suit. Accordingly, this case should be dismissed with prejudice.

8

F.  **Conclusion**

For at least the foregoing reasons, and those set forth in the Memorandum to the Motion to Dismiss (Dkt. 33-1), Defendants respectfully request this Court dismiss the Amended Complaint with prejudice.

Respectfully submitted,

**TomTom International B.V., TomTom, Inc., and TomTom North America, Inc.**

By Their Attorneys,

**Gallagher, Callahan & Gartrell, P.C.**

Dated:  August 8, 2024          By:    /s/ Matthew V. Burrows
          Matthew V. Burrows, Esq. (NH Bar #20914)
          Gallagher, Callahan & Gartrell, P.C.
          214 North Main Street
          Concord, NH  03301
          603-228-1181
          burrows@gcglaw.com

          Wesley W. Whitmyer, Jr. (*pro hac vice*)
          Alan Harrison (*pro hac vice*)
          Henry M. Purtill (*pro hac vice*)
          Kevin M. Musco (*pro hac vice*)
          Whitmyer IP Group LLC
          600 Summer Street
          Stamford CT 06903
          Tel: 203-703-0800
          Fax: 203-703-0801
          Email: litigation@whipgroup.com
                    aharrison@whipgroup.com
                    hpurtill@whipgroup.com
                    kmusco@whipgroup.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date, a copy of this filing is being provided to counsel of record via the Court's electronic filing system.

Dated:  August 8, 2024                By:   /s/ Matthew V. Burrows
                                                        Matthew V. Burrows, Esq. (#20914)