IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| FACET TECHNOLOGY CORP., <br><br> Plaintiff, <br><br> v. <br><br> TOMTOM INTERNATIONAL B.V., TOMTOM INC., AND TOMTOM NORTH AMERICA INC., <br><br> Defendants. | Civil Action No. 1:24-CV-000111-PB-TSM <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6)**

Pursuant to and cognizant of Local Rule 7.1(e)(3), Plaintiff Facet Technology Corp. ("Facet") submits this short Surreply to Defendants TomTom International, B.V., TomTom, Inc., and TomTom North America, Inc.'s (collectively, the "Defendants") Reply to Objection to Motion to Dismiss (ECF 36). In their Reply brief, Defendants raised new arguments and raised new alleged facts that give rise to the exceptional circumstances making this surreply necessary.

> **A. Defendants do a 180-degree about-face to argue that Facet allegedly did manufacture a patented article giving rise to a duty to mark.**

In their motion, Defendants stated that "[Facet] appears to have no product to mark" (ECF 33 at 6). Facet agreed and cited case law directly on point holding that, under this circumstance, past damages are available without either marking or actual notice. As Facet argued in its Opposition, this was the end of the inquiry.

Rather than accept the state of facts to which they unambiguously admitted, Defendants attempt to use their Reply brief to argue—for the first time—that they were wrong in their opening brief and Facet did, in fact, manufacture a patented article triggering the notice requirements of 35 U.S.C. § 287. To support this attempted sleight of hand, Defendants look to the description in the Amended Complaint of the meeting between Facet and TomTom, at which Facet explained to

1

TomTom the benefits it could achieve if it implemented Facet's inventions in order to create and process the data TomTom required to conduct its business. Defendants quote the Amended Complaint's statements that Facet "explained that its processes and systems would allow for faster access to raw [data], and that Facet *could* also perform automated pavement marking data location services from the LiDAR *in accordance with* the technology patented in the '255 Patent." (ECF 23 ¶ 63 (emphasis added)). Nothing in these statements describes an existing product that could comprise a "patented article" under Section 287, much less something that was capable of being marked. Contrary to Defendants' newfound argument, nothing in the Amended Complaint even suggests that there was an actual physical article or product for sale, or even existing software that could implement the Facet inventions. On a motion to dismiss, this Court "must accept the factual allegations in the complaint as true, and *construe reasonable inferences in the plaintiff's favor*." *Johnson v. Rapid Sheet Metal, LLC*, 560 F.Supp.3d 623, 626 (D.N.H. 2020) (emphasis added). Contrary to Defendants' uncited assertion, Facet did not "allege that it made a product in accordance with the '255 Patent." (ECF 36 at 3). Indeed, as the Amended Complaint makes clear, Facet has never made any such commercially available product.[1] The only reasonable inference the Court could possibly reach from the facts as pled is that Facet offered the future possibility of using the technology patented in the '255 Patent, which is readily distinguishable from actually manufacturing or selling a product that practices a patent.

This Court should deny Defendants' Motion with respect to 35 U.S.C. § 287 over this newfound argument as well. Facet had no duty to mark or to provide actual notice before filing the Complaint.

---

[1] Neither has Mandli (which is why the Amended Complaint makes no reference to any such product).

**B.     Defendants' latest version of its written description argument turns on a misreading of the applicable law.**

With respect to Defendants' written description argument, Facet correctly pointed out that Defendants simply ignored the extensive disclosure in U.S. Provisional Application No. 60/296,596 (the "'596 Provisional") and 60/224,761 (the "'761 Provisional"), which are incorporated by reference on the face of the Patents-in-Suit. Rather than face that fact directly, Defendants in their reply argue only that the Court should <u>also</u> ignore this robust disclosure and invalidate the patents. As alleged support, Defendants cite *Maquet Cardiovascular LLC v. Abiomed, Inc.,* 627 F. Supp. 3d 72 (D. Mass. 2022). The *Maquet* court holds that "'essential material' may no longer be conveyed in a specification by incorporating by reference an unpublished or abandoned patent application." 627 F. Supp. 3d. at 76. However, as shown in Facet's opposition, unlike in *Maquet*, the '596 and '761 Provisionals are both <u>published and publicly available</u> via the United States Patent and Trademark Office's Patent Center.

The *Maquet* court also states "[it does not] appear that the question of whether that material was essential is a matter of law for the Court to decide." *Id*. at 82. Moreover, "[d]etermination of a patent's priority date is purely a question of law if the facts underlying that determination are *undisputed*." *Medtronic CoreValve, LLC v. Edwards Lifesciences Corp.*, 741 F.3d 1359, 1363 (Fed. Cir. 2014) (emphasis added). Here, the facts are clearly disputed. Although the Patents-in-Suit both clearly and explicitly incorporate the '596 and '761 Provisionals on their face and in their Application Data Sheets, *see* **Exhibit A** at 3 ('255 Patent ADS, claiming priority to '596 Provisional), and **Exhibit B** at 3 ('328 Patent ADS, claiming priority to '761 Provisional), Defendants contend that the Patents-in-Suit are neither entitled to their priority date nor incorporate their disclosures. On the contrary, the Patents-in-Suit have a proper priority claim to the published '596 and '761 Provisionals.

3

Given these facts, and as Facet articulated in its Opposition, Defendants' written description argument is premature. (ECF 35 at 8-9). Defendants' motion on this point should be denied.

### C. Mandli's exclusive license grant to Facet is effective and gives Facet standing.

In the section of their Reply brief related to Facet's standing as an exclusive licensee of Mandli, Defendants ignore the fact that there is no indication in the Amended Complaint (or anywhere else) that Monona Bank objected to the license to Facet or that the granting of that license was, in fact, a breach of the conditions of the security interest. Defendants simply state (several times without citation to any fact in the Amended Complaint) that Mandli "did not have the right" to grant the exclusive license. But even if this blind spot was not fatal to Defendants' motion (which it is), Defendants also imply that, having granted a non-exclusive, contingent right to the patents prohibits a later grant of an exclusive license to someone else. This is simply contrary to the law. Indeed, exclusive licenses are routinely granted subject to pre-existing non-exclusive patent rights. *See, e.g.*, *WiAV Sols. LLC v. Motorola, Inc.*, 631 F.3d 1257, 1267 (Fed. Cir. 2010) (noting defendant's agreement that prior non-exclusive licenses are proper and holding "that an exclusive licensee does not lack constitutional standing to assert its rights under the licensed patent merely because its license is subject not only to rights in existence at the time of the license but also to future licenses that may be granted only to parties other than the accused"); *Abbott Lab'ys v. Diamedix Corp.*, 47 F.3d 1128, 1132 (Fed. Cir. 1995) ("Abbott's exclusive license was also made subject to prior licenses granted by Diamedix."). Defendants' attempts to raise this issue as a challenge to Facet's standing simply fail as a matter of law.

For at least the foregoing reasons, and those set forth in Facet's Opposition to Defendants' Motion to Dismiss Under FRCP 12(b)(6) (ECF 33), Facet respectfully requests that this Court deny Defendants' Motion.

| | |
|---|---|
| Dated: August 13, 2024 | Respectfully submitted, |

/s/ *Christopher E. Hanba*
Christopher E. Hanba (admitted *pro hac vice*)
Texas Bar No. 24121391
chanba@dickinson-wright.com
Steven R. Daniels (admitted *pro hac vice*)
Texas Bar No. 24025318
sdaniels@dickinson-wright.com
DICKINSON WRIGHT PLLC
607 W. 3rd Street, Suite 2500
Austin, Texas 78701
Telephone: (512) 582-6889
Facsimile: (844) 670-6009

Christopher J. Somma
New Hampshire Bar No. 17025
christopher@sommalawpllc.com
SOMMA LAW PLLC
130 Mill Road
Durham, New Hampshire 03824
Telephone: (603) 773-0092

*Attorneys for Plaintiff Facet Technology, Corp.*

## CERTIFICATE OF SERVICE

    I certify that on August 13, 2024, Plaintiff Facet Technology Corp.'s SURREPLY TO DEFENDANTS' REPLY IN SUPPORT OF DEFEENDANTS' MOTION TO DISMISS UNDER FRCP 12(b)(6) was filed via the Court's CM/ECF system which will send notification of such filing to all counsel of record.

                                             /s/ *Christopher E. Hanba*
                                             Christopher E. Hanba